963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard T. REMLEY, Plaintiff-Appellant,
v.
Douglas STRUTHERS and Robert Cooke, Defendants-Appellees.
 No. 91-15526.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided May 1, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernard Remley appeals pro se from the district court's order striking various documents from the district court record based on Remley's failure to comply with an order to show cause why two of his cases should not be consolidated. This court lacks jurisdiction because the order was not final. We dismiss the appeal.
 
 
 3
 The district court ordered Remley to show cause why the action below should proceed separately from a "substantially similar" action Remley commenced at the same time. It also ordered that "[n]o further documents shall be filed until the court instructs otherwise." Subsequently, Remley filed numerous documents without providing the ordered explanatory statement on consolidation or receiving leave to file further documents. On March 1, 1991, the district court ordered those documents stricken, and gave Remley 20 days to explain how the two actions are different and why they should proceed separately. Remley responded by filing an "Ex parte motion to strike" the March 1 order, and a timely notice of appeal.
 
 
 4
 This court has appellate jurisdiction over final decisions of the district courts. 28 U.S.C. § 1291. A final decision is one which disposes of all the claims of all the parties to the action. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1402 (9th Cir.1988). The order appealed from does not dispose of any claims. The district court has not certified, and could not properly certify such an order for appeal pursuant to Fed.R.Civ.P. 54(b). Nor is it an interlocutory order appealable pursuant to 28 U.S.C. § 1292. Therefore, we lack jurisdiction to consider the order appealed from at this time.
 
 
 5
 We construe Remley's motions filed on October 10, 1991 and lodged on December 23, 1991 as motions to strike the appellees' brief on the ground that Remley had not been served. So construed, those motions are denied. We note that the signed certificate of mailing accompanying the appellees' brief indicates that a copy was mailed to Remley at his address of record on July 10, 1991. The remaining motions are denied as moot.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3